STATE, Plaintiff, v. SEALS, Defendant.

*Decided October 31, 1974.*
(Also reported in 223 N. W. 2d 158.)

For the defendant: *John F. Maloney,* of Milwaukee, and *Dwayne Seals,* of Green Bay pro se.

PER CURIAM. The defendant, Dwayne Seals, was convicted of armed robbery in violation of secs. 943.32 (1) (a) and (2) and 939.05, Stats., and sentenced to ten years in the state reformatory. As court-appointed counsel, Attorney John F. Maloney has submitted a complete and thorough no-merit report, concluding that there would be no arguable merit to an appeal of the conviction. The defendant has filed a reply to such no-merit report.

The defendant's conviction on the charge of armed robbery grew out of an armed holdup of a liquor store on May 16, 1972, in the city of Milwaukee. Defendant and two others were charged with participating in the armed robbery, and with engaging in a gunfight with police officers immediately thereafter. As a result of an exchange of gunfire during the course of his arrest the next day, the defendant's fiancee, Jacqueline Ford, was fatally shot. Defendant was arrested on the basis of three arrest warrants.

Seven issues are raised here, four by counsel and three by defendant. Except for one issue raised, all lack arguable merit. The one issue that requires special consideration, in the light of the *Byrd v. State* decision,[1] is defendant's contention that because of his inability to make

---

[1] *Byrd v. State,* ante, p. 415, 222 N. W. 2d 696.

bail and the fact that his incarceration pending trial was not credited against his sentence, he was denied equal protection under the fourteenth amendment to the United States Constitution. A corollary, but included, contention is that because of his seeking and securing a jury trial such preconviction incarceration due to inability to post bail was lengthened.

In the *Byrd Case,* the majority of this court rejected the reasoning and result of cases holding that ". . . where, for whatever reason, a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement. . . ." [2] Such holding would require an automatic offset, as to any prison sentence imposed, for all time spent in jail before the sentence was imposed, including both preconviction confinement due to inability or disinclination to post bail or time spent in jail following conviction but before sentencing. Instead, the majority of this court adopted the rule of a federal district court decision finding the essential question to be ". . . whether the time a prisoner spends in custody prior to trial when added to the sentence to be served upon commitment can total *more* than the statutory maximum punishment for the crime involved. . . ." [3] The federal district court holding, under the rule adopted by the majority of this court, is limited (1) to time spent in custody before conviction, and (2) to cases where such time, added to the sentence imposed, exceeds the statutory maximum punishment. Where the preconviction time in jail added to the sentence imposed does not reach the maximum possible under the statute, the rule and the credit it gives is inapplicable. Here the defendant was sentenced to ten

---

[2] *White v. Gilligan* (D. C. Ohio 1972), 351 Fed. Supp. 1012, 1014. *See also: Monsour v. Gray* (D. C. Wis. 1973), 375 Fed. Supp. 786 and *Taylor v. Gray* (D. C. Wis. 1974), 375 Fed. Supp. 790.

[3] *Culp v. Bounds* (D. C. N. C. 1971), 325 Fed. Supp. 416 at pages 418, 419.

years in prison on a charge where the statutory maximum is thirty-five years. The defendant here claims entitlement to a credit against the sentence imposed of "approximately eight months in jail" before trial. That period of time, added to the ten-year sentence imposed, does not bring the total reached within hailing distance of the statutory maximum of thirty-five years. The *Byrd* ruling does not here apply and, under the *Tew* rule of this court,[4] there is no merit to defendant's claim of entitlement to an offset, particularly because the fact of the preconviction confinement was known to the court (in fact, specifically stated by defense counsel at the time of sentencing as a factor for the court to consider). That a portion of the time required to bring the case to trial was occasioned by defendant's demand for a jury trial does not bring the case within the *Byrd* rule, which is applicable only where the maximum statutory penalty is exceeded when sentence imposed and preconviction confinement time are added together.

As to other issues raised, we find no arguable merit in any of them. As to defendant's arrest in the house of another without a search warrant, there were three outstanding arrest warrants against the defendant, clearly warranting the arresting officers in believing, on reasonable grounds, that the defendant was to be placed under arrest.[5] As to the claim of being forced to participate in a lineup without presence of counsel, it is enough to note that the trial court, following a *Wade*-type hearing, held the identifications arising out of such lineup to

---

[4] *State v. Tew* (1972), 54 Wis. 2d 361, 367, 195 N. W. 2d 615, this court stating: "While we do not now adopt this ABA Standard as a mandatory credit in sentencing, we do recognize the principle that incarceration prior to sentencing is a proper factor to be taken into consideration by the sentencing judge. . . ." (Reference is to American Bar Association's *Standards Relating to Sentencing Alternatives and Procedures* (Approved Draft, 1968) at p. 186, sec. 3.6 (a).)

[5] *See:* Sec. 968.07 (1) (b), Stats.

be inadmissible. As to the claim of denial of right to speedy trial, under the four-factor test of this court in *Day v. State*,[6] it is clear that the conducting of pretrial *Wade* and *Goodchild* hearings, the motion to sever trials of the three defendants charged with armed robbery and the fact that the defendant was to be tried for several offenses, made the eight months' delay, by reason of the complexity of the pretrial proceedings, necessary for the orderly processing of criminal complaints. As to the claim that the defendant's accomplice testified by reason of threats or promises, it is enough to note that such accomplice testified that no threats or promises were made to him. As to the claim that the evidence was insufficient to justify holding that the defendant intended to commit armed robbery, the evidence warrants the finding that the defendant did so intend to so participate. At trial the liquor store owner and an employee testified that defendant entered the store at the same time as the coconspirators, that he asked for liquor and cigarettes, and that he did not pay for these items. A police officer who arrived on the scene immediately after the armed robbery testified that he observed defendant and one of the other coconspirators walking away from the store toward an alley and that one of them fired at the officer. After being placed under arrest, the defendant gave the police an oral statement saying that he had gone to the liquor store with the two others after they had discussed robbing it. The evidence was sufficient to permit an inference that defendant intended to participate in the robbery and is sufficient to sustain the conviction. On appeal, evidence is to be reviewed in the light most favorable to

[6] *Day v. State* (1973), 61 Wis. 2d 236, 244, 212 N. W. 2d 489, stating: ". . . Some of the factors which the court should assess in applying the balancing approach [as to claim of denial of speedy trial] consist of the following: the length of delay, the reasons for the delay, the defendant's assertion of the right and the prejudice to the defendant."

the jury finding and, if more than one reasonable inference can be drawn from such evidence, the inference which supports the finding is the one that must be adopted.[7] As to the claim that defendant did not voluntarily waive his rights at the time of police interrogation because he was upset about the condition of his fiancee who had been shot, the trial court found such oral statements to have been voluntarily made, and such finding is not to be upset unless it is against the great weight and clear preponderance of the evidence.[8] It is not so here.

Therefore, under the *Anders* test,[9] after an analysis of the record and a review of the no-merit report of court-appointed counsel, we conclude that defendant's cause is without merit and that further proceedings would be frivolous. The court-appointed attorney is relieved of any further responsibility in this case.

[7] *Bautista v. State* (1971), 53 Wis. 2d 218, 223, 191 N. W. 2d 725.

[8] *Redepenning v. State* (1973), 60 Wis. 2d 471, 478, 210 N. W. 2d 673.

[9] *Anders v. California* (1967), 386 U. S. 738, 87 Sup. Ct. 1396, 18 L. Ed. 2d 493.