STATE, Respondent, v. WILLS, Appellant.

*No. State 223. Argued June 4, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 827.)

For the appellant there were briefs and oral argument by *Charles Bennett Vetzner* of Madison of the Corrections Legal Services Program.

For the respondent the cause was argued by *James H. Petersen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. The endeavor here is to extend the holding of this court in a recent case, the *Byrd Case,*[1] from the facts there involved to the fact situation present in this case. However, the initial issue is whether the appeal here is precluded.

*Propriety of appeal.* The state argues that defendant's failure to appeal the denial of either or both of his first two motions for postconviction relief precludes him from appealing the denial of the third such motion. We agree that successive motions for postconviction relief, raising the same issues and seeking the same relief, need not be entertained. Even in the absence of a specific statute prohibiting such repetitive motions,[2] permitting appellate review of a denial of a second postconviction motion after the denial of a first motion raising the same issue would be an extension of time limits set for appeal on such motions.[3] The statute providing for postconviction

[1] *Byrd v. State* (1974), 65 Wis. 2d 415, 222 N. W. 2d 696.

[2] *See: Sanders v. United States* (1963), 373 U. S. 1, 83 Sup. Ct. 1068, 10 L. Ed. 2d 148, construing a federal statute providing that successive motions for similar relief need not be entertained.

[3] *See: Arrington v. United States* (7th Cir. 1970), 425 Fed. 2d 244. *See also: Burns v. United States* (8th Cir. 1956), 229 Fed. 2d 87; *LaClair v. United States* (7th Cir. 1967), 374 Fed. 2d 486.

relief does not envision or authorize a successor motion for such relief raising an issue earlier raised and determined on a predecessor motion for postconviction relief. However, in the case before us, there was no written decision of the trial court, made part of this record, which would enable us to determine that the issue now raised had been considered and decided on the two earlier pro se motions. Resolving in favor of the defendant this doubt as to precise issues raised and ruled upon in the two earlier motions for postconviction relief, we hold this defendant is not precluded from bringing this appeal. This circumstance, plus the importance of the issue raised, makes it appropriate for this court to exercise its discretion to resolve the issue presented.[4]

*The Byrd Case.* It is clear that the holding of this court, in *Byrd*,[5] does not reach or cover the fact situation present in the case before us. In *Byrd*, this court held that a defendant ". . . must be given credit for time spent in custody prior to conviction to the extent such time added to the sentence imposed exceeds the maximum sentence permitted under the statute for such offense . . . provided further that such custody was the result of the defendant's financial inability to post bail."[6] In the case before us, as to the two felony charges, we do not deal with the imposition of a maximum sentence. The defendant was sentenced to four years on the charge of burglary, and three years for forgery. The maximum sentence for each offense was ten years. We do not deal with time spent in custody prior to conviction. We deal with the deprivation of liberty during non-working hours for the first year under probation. This is a condition of probation, not part of a sentence of

---

[4] *See: Appleton v. ILHR Department* (1975), 67 Wis. 2d 162, 168, 226 N. W. 2d 497; *Werner v. State* (1975), 66 Wis. 2d 736, 751, 226 N. W. 2d 402.

[5] *Byrd v. State, supra,* footnote 1.

[6] *Id.* at page 424.

imprisonment, and not time spent in custody prior to conviction. Additionally, the time spent in partial confinement as a condition of probation was not such custody as was the "result of the defendant's financial inability to post bail." As this court concurrently made clear, the *Byrd* ruling ". . . is limited (1) to time spent in custody before conviction, and (2) to cases where such time, added to the sentence imposed, exceeds the statutory maximum punishment."[7] For more than a single reason, the facts in the case before us place it outside the limits of the *Byrd* holding.

*Double jeopardy.* Defendant's brief on appeal contends that ". . . a double jeopardy problem exists in this case because appellant has been incarcerated in jail and did not receive credit for that detention when sentence was imposed." Defendant cites a federal court case, *Culp v. Bounds,*[8] as granting credit for pretrial detention on double jeopardy as well as equal protection grounds. That is the case cited, quoted and followed in *Byrd.*[9] However, in *Byrd* this court held: "We agree with *that part of the reasoning of the court* in the case of *Culp v. Bounds . . . holding that* where the statutory maximum sentence is given the failure to give credit for preconviction time spent in custody *violates the Equal Protection Clause* of the fourteenth amendment."[10] (Emphasis supplied.) As to those accused who are unable to raise bail, this court agreed with *Culp* that there was involved " '. . . an invidious discrimination against the poor in violation of the equal protection clause. . . .' "[11] Thus, not accepted but rejected, was that part of the *Culp* decision finding a double jeopardy, as well as an equal

---

[7] *State v. Seals* (1974), 65 Wis. 2d 434, 436, 223 N. W. 2d 158.

[8] *Culp v. Bounds* (D. C. N. C. 1971), 325 Fed. Supp. 416.

[9] *Byrd v. State, supra,* footnote 1, at pages 424, 425.

[10] *Id.* at page 424.

[11] *Id.* at page 425, quoting *Culp v. Bounds, supra,* footnote 8, at page 419.

protection base for granting credit for pretrial detention due to inability to post bail. In *Byrd,* as *Seals* makes clear, this court rejected the automatic offset that double jeopardy applicability would require,[12] and "the reasoning and result of cases [so] holding."[13]

Thus the *Byrd Case* places the granting of credits for pretrial detention solely on the ground of equal protection. Defendant sees the *Pearce Case*[14] as commanding that the constitutional guaranty of no double jeopardy also apply. In *Pearce,* the United States Supreme Court held that no double jeopardy requires that ". . . punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense."[15] There the high court was enforcing the constitutional protection against multiple punishments for the same offense. The court itself made this clear, stating: "If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years

[12] *State v. Seals, supra,* footnote 7, at page 436, this court stating: "Such holding [rejected by the majority of this court] would require an automatic offset, as to any prison sentence imposed, for all time spent in jail before the sentence was imposed, including both preconviction confinement due to inability or disinclination to post bail or time spent in jail following conviction but before sentencing."

[13] *Id.* at page 436, this court holding: "In the *Byrd Case,* the majority of this court rejected the reasoning and result of cases holding that '. . . where, for whatever reason, a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement. . . .'" Quoting the holding rejected from, *White v. Gilligan* (D. C. Ohio 1972), 351 Fed. Supp. 1012, and citing as additional reasoning and results rejected, *Monsour v. Gray* (D. C. Wis. 1973), 375 Fed. Supp. 786, and *Taylor v. Gray* (D. C. Wis. 1974), 375 Fed. Supp. 790.

[14] *North Carolina v. Pearce* (1969), 395 U. S. 711, 89 Sup. Ct. 2072, 23 L. Ed. 2d 656.

[15] *Id.* at page 718.

can and must be returned—by subtracting them from whatever new sentence is imposed."[16] That is not the situation now before this court. Here there is no element of resentencing involved, certainly no new conviction and substituted new sentence for the same offense. Here there was a single sentence imposed for each of three offenses,[17] all to run concurrently and all stayed as to their execution so that the defendant could have the opportunity of probation, with nonworking hours' confinement a condition for one year of such probation. When the defendant committed a subsequent robbery, the stay of execution was terminated and the original sentences imposed became his to serve. In a case involving commitment to a state reforestration camp as a condition attached to probation, our court held that such condition did not constitute either a sentence or sentencing.[18] For our purposes here, it is enough to hold that we do not see the *Pearce* rule as to credit for time served upon resentencing for the same offense as affect-

[16] *Id.* at page 719.

[17] The briefs and written arguments of both parties on this appeal deal with modification of the two felony convictions: The four-year sentence for burglary and the three-year sentence for forgery. Not singled out for special attention or individual contention is the six months' sentence for the misdemeanor crime of battery. This opinion follows such lead by dealing primarily with the two felony convictions here involved.

[18] *Prue v. State* (1974), 63 Wis. 2d 109, 114, 216 N. W. 2d 43, this court holding: "Probation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence under the Huber Law does not make probation a sentence. There are public policy considerations why a committing court should have a wide choice in dealing with a convicted person in regard to his punishment and rehabilitation. The trial court should have leeway if probation is to be an effective tool of rehabilitation. . . .

"The view that probation is not a sentence and that the imposition of incarceration as a condition of probation is likewise not a sentence has been generally accepted. [Cases cited]"

ing or being inconsistent with the *Byrd* ruling that granting of credits for pretrial detention involves equal protection, not double jeopardy.

*Due process.* The defendant claims a denial of due process or fair play under the fourteenth amendment because ". . . appellant has been subjected to a longer period of incarceration than if his sentence had commenced immediately upon conviction." It is as true that, if the defendant had not violated the conditions of his probation by committing a subsequent robbery, he would have served no prison sentence at all. The classification or different result is based on the conduct of the defendant while on probation. The situation is analogous to that raised in the *Pearce Case* where the defendant argued that, since convicts who do not seek a new trial cannot have their sentences increased, ". . . it creates an invidious classification to impose that risk only upon those who succeed in getting their original convictions set aside."[19] The high court agreed that a convicted defendant, securing a new trial, ". . . may receive a shorter sentence, he may receive the same sentence, or he may receive a longer sentence than the one originally imposed."[20] It held that it ". . . simply cannot be said that a State has invidiously 'classified' those who successfully seek new trials, any more than that the State has invidiously 'classified' those prisoners whose convictions are *not* set aside by denying the members of that group the opportunity to be acquitted."[21] That was true even though the individual defendant in *Pearce* had no control over the subsequent sentence imposed. In the case before us, the defendant had full knowledge of the exact consequences of his complying with or violating the conditions of his probation. If he met the terms of his

[19] *North Carolina v. Pearce, supra,* footnote 14, at page 722.

[20] *Id.* at page 722.

[21] *Id.* at pages 722, 723.

probation for the period of probation, he did not go to prison at all. If he violated those terms, his probation would be terminated and the original sentence of imprisonment, stayed while he was on probation, would go into effect. We see no denial of due process or fair play in the original sentence and stay, nor in the original sentence becoming operative upon his breaching the conditions of his probation by committing and being found guilty of a subsequent robbery.

*Equal protection.* The essence of defendant's claim of constitutional infirmity is that those who receive a probationary status with a nonworking hours' period of confinement included as a condition of probation, end up, if their probation is revoked, spending more time in confinement than those who receive an equivalent sentence, with probation denied, and who begin serving their prison sentence immediately. While labeled and above considered as a due process argument, this comes closer to being an equal protection argument. An analogous claim of improper "classification" between those securing new trials and those who do not was so treated in *Pearce*.[22] It was there rejected, and we reject it here. Such claim of denial of equal protection might arise as to the right of a defendant to reject probation and insist that the sentence stayed by reason of his being placed on probation becoming immediately effective. But the defendant cannot take the benefits of probation, including avoiding a prison sentence for a felony conviction if he complies with probation conditions, and later complain as to the clearly spelled-out consequences of his having violated the terms of his probation. He cannot grasp the flower and avoid the thorns as to the consequences of probation violation. The *Byrd Case* sets the outer limits of entitlement to credit for time served required by the equal

---

[22] *Id.* at pages 722, 723.

protection clause. Credit for time spent in custody is, by *Byrd,* limited to ". . . time spent in custody prior to conviction," and then only ". . . to the extent such time added to the sentence imposed exceeds the maximum sentence permitted under the statute for such offense . . . ."[23] Additionally, for credit to be given, it is required that ". . . such custody was the result of the defendant's financial inability to post bail."[24] The situation of the defendant in the present case meets none of these requirements for entitlement to credit under the equal protection clause. The equal protection approach, like the double jeopardy and due process approaches, is unrewarding to this defendant under these circumstances.

*By the Court.*—Order affirmed.

---

[23] *Byrd v. State, supra,* footnote 1, at page 424.
[24] *Id.* at page 424.