MITCHELL, Plaintiff in error, v. STATE, Defendant in error.

*No. State 213. Argued June 4, 1975.—Decided July 8, 1975.*
(Also reported in 230 N. W. 2d 884.)

696

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender, and oral argument by *Mr. Sals.*

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

■

DAY, J. The plaintiff in error, James Alexander Mitchell (hereinafter "defendant"), was arrested on November 10, 1970, and jailed on charges of rape under sec. 944.01 (1), Stats., and of armed robbery (party to a crime) under secs. 943.32 (1) (a) and (2) and 939.05. The two cases were consolidated for trial and the trial was had before a jury in September of 1971. On September 28, 1971, the defendant was found guilty by the jury of both rape and armed robbery. Following the jury verdict, the defendant was committed to the department of health and social services for examination under the sex crimes law, sec. 975.01. On November 26, 1971, the defendant was returned to the county jail having been found not to be in need of treatment. He was sentenced on December 13, 1971, to an indeterminate term of not more than thirty years on each count, sentences to run concurrently. The defendant filed appropriate postconviction motions, requesting that credit be received for all time spent in custody prior to his commitment to the prison.

The questions raised in the brief of the defendant are:

(1) Was the failure of the trial court to grant credit for the total period of incarceration between November 10, 1970, and December 13, 1971, a violation of the equal protection clause of the fourteenth amendment?

(2) Should the defendant be granted "good-time" credit in sec. 53.11, Stats., for this same period of presentence incarceration?

At the time the defendant was arrested, bail was set at $5,000 on the armed-robbery charge and $7,500 on the rape charge. The defendant did not post bail and it is undisputed that the defendant's indigency was the cause of his inability to post bail.

This court in *Byrd v. State* (1974), 65 Wis. 2d 415, 424, 222 N. W. 2d 696, said:

". . . a defendant must be given credit for time spent in custody prior to conviction to the extent such time added

to the sentence imposed exceeds the maximum sentence permitted under the statute for such offense, provided such time spent in custody was a result of the criminal charge for which a prison or jail sentence is imposed or as a result of the conduct on which such charge is based, provided further that such custody was the result of the defendant's financial inability to post bail.

". . . where the statutory maximum sentence is given the failure to give credit for preconviction time spent in custody violates the Equal Protection Clause of the fourteenth amendment."

The court then went on to state (p. 426) :

". . . we remand the cause to the trial court for appropriate findings and a *reduction of the maximum sentence imposed* accordingly if the facts come within the rule enunciated in this opinion." (Emphasis added.)

The defendant spent 322 days in custody prior to conviction because of his inability to post bail.

The state argues that the rule enunciated in *Byrd* is not applicable to the case before us for the reason that the sentences imposed were made to run concurrently rather than consecutively. The state contends that the defendant did not receive the maximum possible sentence on the theory that the maximum possible sentence was two thirty-year sentences to run consecutively; the court disagrees with the state's position. We agree with the reasoning expressed in *Hook v. Arizona* (9th Cir. 1974), 496 Fed. 2d 1172, 1174, in which the circuit court of appeals held that a defendant, convicted of multiple offenses in the state court and given the statutory maximum for each offense, with the sentences made to run concurrently, must be credited with his presentence incarceration as having received the maximum sentence. The circuit court said:

". . . The district court believed appellant had not been sentenced to the maximum because the sentences were to be served concurrently rather than consecutively. But we held in Lee v. United States, 400 F. 2d 185, 188 (9th Cir.

1968), that 'each conviction is separate . . . if the statutory term is imposed, the order that the sentences run concurrently does not vitiate the contention that defendant received the maximum prison sentence.' . . ."

Sec. 973. 15 (1), Stats., provides in part:

"The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence."

The mere fact that the trial court chose in the instant case to have the sentences run concurrently rather than consecutively does not change the fact that each of the sentences was the maximum sentence provided under the law. The state argues that to give the defendant a credit toward each sentence is a doubling up of the preconviction incarceration time. The court disagrees. The defendant was held in jail under two separate bails, one of $5,000 for the robbery and one of $7,500 for the rape. The time he spent in jail unable to meet bail was the result of the charges then pending against him. Where both sentences received were the maximum, under our ruling in *Byrd* each must be reduced by 322 days.

The defense argues that credit for good conduct known as "good time" under sec. 53.11, Stats., must be given to the defendant for the period of time spent in jail prior to conviction. Under the rationale of the *Byrd Case* the preconviction time is not time spent on the sentence for which it could be argued that good time should be credited; rather, the fact that a maximum sentence was imposed and the defendant was in jail unable to make bail because of indigency requires a reduction in the sentence, so that in the instant case each of the sentences should be for twenty-nine years and forty-three days and therefore the "good time" credit would not apply. Under

the equal protection theory, had the defendant been sentenced to two concurrent terms of twenty-nine years each, there would have been no violation of his equal protection rights because the maximum sentence had not been exceeded by the total of the sentence and the jail time and thus no good-time credit would have been available for the time that he spent in jail prior to conviction.

The defendant having been convicted of rape was committed to the department of health and social services for a presentence social, physical and mental examination pursuant to sec. 975.01, Stats.[1] Such examination may not exceed sixty days under sec. 975.04.[2] This section requires that all who are convicted of rape be so examined for a period not to exceed sixty days. Designation of a certain class of convicted persons found guilty of certain sexually motivated crimes, including rape, constitutes a reasonable classification of offenders and does not offend the equal protection clause of the United States Constitution. There is no discrimination here because of wealth or lack of it. This examination time provided for by the legislature is over and above any sentence that could be imposed for the crime itself. The statute, sec. 975.06 (1), provides that if the department recommends specialized treatment for his mental or physical aberrations the court shall order a hearing on the issue of the need for specialized treatment unless a defendant shall specifically waive such hearing and sub. (2) of that statute provides that if the court finds the defendant is in need of specialized treatment the court shall commit

---

[1] "975.01 **Mandatory commitment for presentence examination.** If a person is convicted under s. 944.01, . . . the court shall commit him to the department of health and social services for a presentence social, physical and mental examination. . . ."

[2] "975.04 **Report of examination.** (1) Upon completion of the examination, but not later than 60 days after the date of the commitment order, a report of the results of the examination and the recommendations of the department shall be sent to the court."

the defendant to the department or may stay execution and place him on probation with the condition of probation that he receive treatment in a manner to be prescribed by the court. In the event that the defendant is found to be in need of treatment and is so committed to the department, then the defendant does not receive a sentence for the crime; if the court, at the end of the hearing, should find that there is no need for specialized treatment the court shall then sentence the defendant under the provisions of sub. (4) of sec. 975.06. Thus it is clear that under the mandatory examination provision, a defendant convicted of a sex crime which requires such examination may not be sentenced at all but may merely be committed to the department for treatment. We conclude, therefore, that the time spent for such examination is not to be credited toward the sentence which the defendant may or may not eventually receive. This does not offend the equal protection clause; it affects all members of the particular class the same way under the statute and has for its purpose a means of determining whether sentence should be imposed at all.

The defendant having been found not to be in need of treatment was returned to the jail on November 26, 1971, and was sentenced on December 13, 1971. The question is, should the defendant receive credit on the sentence eventually imposed for the period between November 26th and December 13th? We find that the period of time between the defendant's return to the jail and his sentence by the court was not an unreasonable period of time. This court has encouraged judges before sentence to utilize the presentence report as an aid to the exercise of judicial discretion in the sentence to be imposed. This would apply as well to the report generated by the department of health and social services pursuant to a sec. 975.01, Stats., examination. We find that a period of approximately two and a half weeks from the time the

sentence could be imposed until it actually was is not so unreasonable as to offend either the due process clause or the equal protection clause of the United States Constitution so as to require either credit on or reduction of a sentence. Having concluded that the defendant is not constitutionally entitled to credit for incarceration time after conviction based on the facts in this case, it follows he is not entitled to good-time credit since "good-time credit" is available only on the basis of the sentence, as finally determined.

This court, in conformity with this opinion, reduces the sentences imposed by the 322 days of preconviction incarceration put in by the defendant because of his financial inability to post bail.

*By the Court.*—The sentences of defendant are modified to provide that the sentence shall be twenty-nine years and forty-three days on the charge of rape and twenty-nine years and forty-three days on the charge of armed robbery, the sentences to run concurrently; as so modified, the judgments and orders are affirmed.

CONNOR T. HANSEN, J. *(concurring in part; dissenting in part).* I would respectfully dissent from that portion of the majority opinion which determines that under the particular facts of this case the defendant is entitled to have his sentence reduced by a period of time equal to his preconviction incarceration.

November 8, 1970, at 7 a.m., a retired man was robbed at knife point by two assailants while occupying a downstairs flat. The two men then proceeded to an upstairs flat. There they found a young woman in bed. They gagged, tortured and raped her.

November 10, 1970, the defendant was arrested for armed robbery and rape, and bond was set as described in the majority opinion. Defendant was incarcerated from the time of his arrest until his trial in September,

1971. The cases were consolidated for trial. Trial was to a jury which returned verdicts of guilty to both charges.

The maximum sentence for each of the convictions is thirty years. At the time of pronouncing the judgment of conviction, trial counsel brought the matter of defendant's preconviction incarceration to the attention of the trial judge. Because of defendant's conviction of rape, contrary to sec. 944.01 (1), Stats., it was necessary for the trial judge to commit the defendant to the department of health and social services for examination under the Sex Crimes Law, sec. 975.01. The trial judge made no final judgment as to the consecutive feature of sentencing pending the results of the sec. 975.01 examination. However, the trial judge did observe, after a review of the facts, that:

"I will consider that my conscience will be satisfied and I will feel completely justified, without any qualms, in imposing here the maximum and also consecutive sentences."

December, 1971, after the presentence examination, the defendant was returned to court for sentencing. In behalf of the defendant, his counsel again argued for concurrent sentences and brought to the court's attention the preconviction incarceration of the defendant. In imposing sentence, the trial judge recognized both of these factors, as well as others, and stated ". . . Far be it from me to say he doesn't deserve both consecutively . . . ." The trial judge ultimately decided to leave the matter of defendant's parole to the authorities ". . . who will be in a better position that I am to observe him," and imposed a thirty-year sentence on each count, sentences to run concurrently.

The defendant was convicted of two felonies by the same jury on the same day in a consolidated trial and with sentences later imposed on both charges by the trial judge at one hearing. On this record and under these

circumstances, it seems abundantly clear that the trial judge, the defendant, defendant's counsel, and all involved, realized that the maximum incarceration that could have been imposed was sixty years.

Now, three and one-half years later, the majority of the court concludes that the thirty-year concurrent sentences imposed for the two convictions constituted the maximum sentence that could have been imposed. Thus, says the majority of the court, because he was incarcerated 322 days before conviction due to his inability to provide bail, sentence must be reduced to twenty-nine years and forty-three days. This result is based upon the grounds of equal protection adopted by this court in *Byrd v. State* (1974), 65 Wis. 2d 415, 222 N. W. 2d 696, and restated in *State v. Seals* (1974), 65 Wis. 2d 434, 223 N. W. 2d 158. I am unable to accept such reasoning.

In *Byrd, supra,* the defendant did in fact receive two consecutive maximum sentences. Equal protection, therefore, dictated entitlement to a sentence reduction for preconviction incarceration because his financial inability to post bail extended his incarceration beyond the maximum provided by law.

Both *Byrd, supra,* and the instant opinion illogically permit a reduction for incarceration before bail is set; a time when no person, regardless of financial ability, could obtain freedom.

In addition, the instant majority opinion requires a reduction in sentence even where the defendant did not receive sentences, which added to the preconviction incarceration equaled or exceeded the total period of incarceration that could have been given to a person who was able to produce bail. If the defendant had been able to provide bond he could have been sentenced to two consecutive terms of thirty years each for a total of sixty years. However, the majority of the court finds that because he could not provide bail and the trial judge chose to impose concurrent sentences, the maximum sen-

tence which could be imposed was twenty-nine years, forty-three days on each of the two counts. I would opine that a defendant, who was able to raise bail and who received a sixty-year sentence, would be no more impressed with the argument that this defendant is denied equal protection unless his concurrent sentences are reduced to twenty-nine years, forty-three days on each offense, than is this writer. It would apparently make no difference to the majority view if the trial judge made the sentences concurrent rather than consecutive in express recognition of the defendant's preconviction incarceration.

I would also observe that financial ability is a relative concept which becomes significant only in relation to the amount of bail set by the trial court. Regardless of financial ability, for most people, bail can be set in an amount which will prevent release or low enough to permit release. Thus, a trial judge in his discretion can release even one who is totally indigent on his own recognizance.

In *State v. Seals, supra,* page 436, referring to *Byrd, supra,* it is stated that this court rejected the holding of those federal district courts [1] requiring an automatic offset for time spent in jail before sentence is imposed. Instead, *Seals* says of *Byrd,* the rule adopted limited entitlement "(1) to time spent in custody before conviction, and (2) to cases where such time, added to the sentence imposed, exceeds the statutory maximum punishment." *Seals, supra,* page 436.

When multiple sentences are concurrently imposed and concurrently to be served, the writer sees as the essential question, whether the time the prisoner spent in custody prior to trial when added to the sentences to be served totals more than the statutory maximum incarceration

---

[1] *White v. Gilligan* (D. C. Ohio 1972), 351 Fed. Supp. 1012, 1014. *See also: Monsour v. Gray* (D. C. Wis. 1973), 375 Fed. Supp. 786 and *Taylor v. Gray* (D. C. Wis. 1974), 375 Fed. Supp. 790.

for the crimes involved. The limited entitlement to credit under *Byrd, supra,* page 424, was based on a North Carolina federal district court decision, *Culp v. Bounds* (D. C. N. C. 1971), 325 Fed. Supp. 416. *Culp* was founded upon the proposition that under the circumstances therein considered, the failure to give credit for preconviction time in custody violated the equal protection clause of the fourteenth amendment when the statutory maximum sentence was imposed. By making the two sentences concurrent, the trial judge in the case before us gave half the penalty that could have been imposed. The instant case can be distinguished from *Hook v. Arizona* (9th Cir. 1974), 496 Fed. 2d 1172, because here, on two occasions the trial judge took into consideration the time spent in custody prior to trial when he imposed the sentence.

The equal protection basis adopted in *Byrd, supra,* pages 424, 425, quoting *Culp, supra,* equates pretrial detention with punishment and holds that those who are unable to raise bail are subjected to additional punishment compared to those who can and do post bail. Thus, under the equal protection approach, we deal not with where, when and how the sentence is served but with the fact of maximum penalty or punishment. The equal protection concern is that the indigent might be subject to greater maximum incarceration than one who is financially able to post bail. A valid equal protection concern is present where the maximum sentences are made to run consecutively. It is not present in multiple maximum sentence situations where sentences are made to run concurrently. In the case before us, with the two sentences running concurrently, the defendant was sentenced for a period of thirty years, plus the 323 days he was in custody prior to conviction, or a little more than one-half the total legislatively authorized maximum incarceration. Under these circumstances and under both *Byrd, supra,* and *Seals, supra,* the time spent in custody before conviction

when added to the sentences imposed, did not exceed the statutory maximum punishment.

The defendant here claims entitlement to credit for time spent in custody during a presentence examination pursuant to sec. 975.01, Stats., following his conviction of the crime of rape. This time in custody did not involve this defendant's inability to post bail. It was time spent in custody following his conviction and was not time spent in custody before conviction. The writer concurs with the majority holding that, under the *Byrd, supra,* rule as defined in *Seals, supra,* the defendant was not entitled to credit for time spent in custody during such a presentence examination.

The writer would affirm.

I am authorized to state that Mr. Justice HANLEY and Mr. Justice ROBERT W. HANSEN join in this opinion, concurring in part, dissenting in part.