DONALD E. PERCY, Secretary Department of Health and SocialServices
You have requested my opinion on several questions relating to crediting of time served for revoked probationers and parolees. You first ask whether the Department of Health and Social Services (Department) may promulgate a rule granting more credit toward a sentence than is apparently provided for by statute.
In my opinion the Department may not promulgate a rule granting more credit than is provided by statute when the provisions of that statute are clear and unambiguous. The rule as to the powers of *Page 103 
an administrative agency have been succinctly summarized as follows:
 [An administrative agency's] powers are limited by the statutes conferring such power expressly or by fair implication. Every administrative agency must conform precisely to the statutes from which it derives power. Schmidt v. Local Affairs Development Department (1968), 39 Wis.2d 46, 56, 57, 158 N.W.2d 306.
Mid-Plains Telephone v. Public Service Commission,56 Wis.2d 780, 786, 202 N.W.2d 907 (1973).
Your second and third inquiries seek an opinion on whether parolees who have been out of this jurisdiction, either by reason of having absconded or under an interstate compact agreement, must be given credit on their Wisconsin sentences when they serve time in a foreign jurisdiction because of a new conviction there, are returned to Wisconsin, and their parole is revoked. You further distinguish the hypothetical situation by inquiring as to whether the lodging of a detainer or issuance of a warrant affects the answer to the question posed above.
In my opinion, none of the variations on the basic theme, as described in the foregoing paragraph, affect the answer. A Wisconsin parolee who serves time in a foreign jurisdiction by reason of a new conviction entered against him in that jurisdiction, and whose parole is subsequently revoked after returning to Wisconsin, does not receive credit on his Wisconsin sentence for that period of incarceration in the foreign jurisdiction resulting from the new charge, regardless of the legality of his presence in the foreign jurisdiction, and regardless of whether Wisconsin has initiated formal apprehension proceedings by way of warrant or detainer.
The starting point for analysis of the question posed is sec. 57.072(2), Stats.: "The sentence of a revoked parolee resumes running on the day a final revocation order is entered by the department, subject to sentence credit for the period of custody in a jail, correctional institution or any other detention facility pending revocation according to the terms of s.973.155."
Under the assumptions of your question the parolee is not in custody on the Wisconsin charge, but on the new charge brought in the *Page 104 
other jurisdiction. The lodging of a detainer with that jurisdiction's institution does not transform that detention into "custody . . . pending revocation" as contemplated by sec. 57.072(2), Stats. This conclusion is reinforced by the case law regarding the right to parole revocation hearings.
Parole authorities may, if they so choose, lodge a detainer with the institution where the parolee is serving a sentence on an unrelated charge. The law is clear that the parolee is not entitled to a due process revocation hearing until the parole violation warrant is actually executed after he completes his sentence on the unrelated charge. Moody v. Daggett, 429 U.S. 78
(1976). In essence, the Moody Court held there is no loss of liberty in connection with revocation proceedings for the prisoner who is detained on an unrelated charge until the parole violation warrant is executed and the violator is taken into "custody under that warrant." 429 U.S. at 87. The Wisconsin Court of Appeals has had occasion to analyze the Moody decision. It did so as follows:
 In its rationale, the [Moody] court emphasized that Moody suffered no present deprivation of protected liberty sufficient to invoke due process, because he was in custody not on the revocation warrant, but rather, on other convictions. The custody during the period between issuance of the warrant and petition for release was held not to be unlawful because it resulted from convictions of other crimes.
State ex rel. Alvarez v. Lotter, 91 Wis.2d 329, 333,283 N.W.2d 408 (Ct.App. 1979) (emphasis and bracketed material added).
In denying habeas corpus relief, the Alvarez court concluded:
 Alvarez has not shown that his custody in Florida was a result of Wisconsin revocation proceedings, rather than a result of the Florida charges. Alvarez did not establish at the hearing on the petition that the Wisconsin detainer had any greater practical effect on his incarceration than the detainer in Moody, 429 U.S. 78. Alvarez failed to present facts from which it could be concluded that his loss of liberty in Florida was a result of pending revocation proceedings.
Alvarez, 91 Wis.2d at 334-35 (emphasis added). *Page 105 
The language of sec. 57.072(2), Stats., specifically allows sentence credit to a revoked parolee only for time spent in custody "pending revocation." The Moody line of cases holds that time spent in custody on an unrelated charge but with a parole revocation detainer lodged at the institution is not considered custody "pending revocation proceedings" sufficient to trigger due process safeguards. Analogizing to the hypothetical posed here, it is reasonable to conclude that the mere lodging of a detainer does not amount to "custody pending revocation" sufficient to trigger the sentence credit provision of sec. 57.072(2), Stats.
It follows, from the conclusion reached pursuant to the foregoing analysis, that the decision of the Department not to issue a warrant or lodge a detainer, but merely to revoke parole upon the parolee's release and return to this jurisdiction, will not trigger the sentence credit provision of sec. 57.072(2), Stats. If the detainer was not sufficient to render his detention in the other jurisdiction "custody pending revocation," then certainly a mere request of the other jurisdiction's officials to notify Wisconsin of the parolee's release will not do so.
Varying the foregoing hypothetical by assuming the person is out of the state under an interstate compact agreement does not alter the conclusion prompted by the basic analysis. Again, referring to Moody and its Wisconsin progeny, whether the parolee is in the foreign state lawfully or unlawfully, the parolee is serving time not because of a revocation warrant but because of the unrelated conviction. Therefore, if this state chooses to lodge a detainer or merely decides to wait until his release and return to this state to revoke him, the parolee will not be entitled to any sentence credit for the time served in the foreign jurisdiction on the unrelated charge.
One of two variations on the basic set of circumstances which might dictate a different result is where a parolee is picked up in the foreign jurisdiction on a parole violation warrant issued in Wisconsin but, prior to being returned to this state, is charged in the foreign jurisdiction with a new criminal violation. The intervening period between arrest on a parole violation warrant and the issuance of charges by the foreign jurisdiction would be the result of the Wisconsin revocation proceeding, and thus subject to the credit provisions of sec. 57.07(8), Stats. Similarly, the period of custody between the completion of the parolee's custodial period in the foreign jurisdiction *Page 106 
and the time he is picked up by Wisconsin authorities to be returned to this state would be credited.
Nothing in sec. 973.155, Stats., alters or modifies the foregoing conclusions. Section 973.155, Stats., provides credit for all designated periods spent in custody for a particular course of conduct. Section 57.07(2), Stats., defines that period of time as it relates to parolees — that is, for the period of time spent in custody pending revocation.
You further ask whether the Department has the authority, pursuant to sec. 973.155, Stats., to grant credit for detention in a facility other than a correctional facility to an offender who has been paroled, assigned to such a facility, violates parole and is revoked. It is understood that this does not refer to a probationer or to incarceration awaiting revocation.
In the circumstance you posit, sentence has already been imposed. Therefore, sec. 973.155(1)(a), Stats., does not apply, since it is limited to:
 [C]onfinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
1. While the offender is awaiting trial;
2. While the offender is being tried; and
 3. While the offender is awaiting imposition of sentence after trial.
Neither is this a situation covered by sec. 973.155(1)(b), Stats., since custody pending revocation is not involved. Thus, in my opinion, the Department does not have authority, pursuant to sec. 973.155, Stats., to grant credit for a period of detention in a facility other than a detention facility.
Finally, you ask whether the Department has the authority, after revoking probation, to grant credit to the sentence imposed for the period of time the revoked probationer may have spent in the county jail with work release privileges as a condition of probation. My answer to this question is that the Department does not have such authority. *Page 107 
One previously litigated case has some bearing on the response to this question, State v. Wills, 69 Wis.2d 489, 230 N.W.2d 827
(1975). Although it was decided prior to the enactment of sec.973.155, Stats., the rationale it contains with respect to the nature of a probationer's confinement as a condition of probation with work release privileges appears to continue to control. In this case, the defendant was convicted of certain violations and sentenced with execution of the sentences stayed and defendant placed on probation. One of the conditions of probation was that defendant spend nonworking hours in the county jail during the first year of probation. A subsequent conviction resulted in revocation of probation. Defendant filed a motion for correction of sentence seeking, as a portion of his prayer for relief, sentence credit for the period of time spent incarcerated under the condition of probation prior to revocation of probation. The court's holding, insofar as is applicable here, was that such period was "a condition of probation, not part of a sentence of imprisonment, and not time spent in custody prior to conviction."Wills, at 493-94.
As noted, this case was decided prior to the enactment of sec.973.155, Stats. The Legislature is presumed to have knowledge of prior case law in enacting new statutes. Glinski v. Sheldon,88 Wis.2d 509, 519-20, 276 N.W.2d 815 (1979). Yet, in enumerating the periods of time for which a person is to receive credit, those periods determined by the court to be unlike a sentence were not included. Specifically, the fact situation in the new statute most similar to the hypothetical posed by the Department is found in sec. 973.155(1)(a)3., Stats., which provides that a defendant is entitled to sentence credit "[while] the offender is awaiting imposition of a sentence after trial." A probationer who spends nonworking hours in a county jail under sec. 973.09(4), Stats., is fulfilling a condition of his probation. He is not in custody awaiting imposition of a sentence.
Section 57.072(3), Stats., is similarly inapplicable. It provides sentence credit for "the period of custody in a jail, correctional institution or any other detention facility pending revocation and commencement of sentence according to the terms of s. 973.155." Certainly the probationer in custody during nonworking hours is not in custody pending revocation proceedings. Thus, it would appear that the Legislature has not seen fit to provide for credit to a sentence as hypothesized by the Department. Since, as noted in my answer to *Page 108 
your first question, the Department does not have the authority to grant credit in the absence of statutory authority to do so, I conclude that the Department may not credit revoked probationers with time spent in jail on work release as a condition of probation.
BCL:PM-H