STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert Allan KING, Defendant-Appellant.†

Court of Appeals

*No. 86–2088–CR. Submitted on briefs October 8, 1987.—
Decided November 12, 1987.*

(Also reported in 418 N.W.2d 11.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *David D. Leeper* of Monroe.

For the plaintiff-respondent the cause was submitted on the brief of *Gary L. Luhman,* assistant district attorney.

Brief of amicus curiae was filed by *Richard L. Kaiser* and *William A. Pangman* and *William A. Pangman & Associates,* of Waukesha, on behalf of American Civil Liberties Union of Wisconsin Foundation and Wisconsin Association of Criminal Defense Lawyers.

On behalf of the plaintiff-respondent a supplemental brief was filed by *Donald J. Hanaway,* attorney general, and *Jerome S. Schmidt,* assistant attorney general, and *Jon Erik Kingstad* of Madison.

Before Dykman, Eich, and Sundby, JJ.

EICH, J. Robert King appeals from a judgment convicting him of carrying a concealed weapon in violation of sec. 941.23, Stats. King moved to suppress the weapon on grounds that it was discovered and seized as the result of an illegal search. The trial court denied the motion and King pleaded no contest to the charge. The issues are: (1) whether officers may constitutionally search a person incident to an arrest for a noncriminal traffic violation; and (2) if so, whether the arrest in this case was authorized by statute. We conclude that the search was proper as incident to a lawful arrest, that the weapon so discovered was admissible, and that the trial court properly denied King's motion to suppress. We therefore affirm.

King was operating a motorcycle during the early morning hours of March 22, 1986, when a Monroe police officer arrested him for failing to stop at a stop sign and failing to obey a traffic officer's instructions. The second charge stemmed from King's failure to

stop for the officer's red light and siren signals. Both charges are violations of municipal ordinances adopting the provisions of similar state statutes, and neither is a criminal offense. After stopping King, the officer issued the two citations and, in preparation for transporting him to the police station to post bond, performed a weapons search before placing him in the police car. The search revealed that King was carrying a "military" knife with a seven- to nine-inch blade under his clothing, and the officer informed him that he was also under arrest for carrying a concealed weapon.

King argues first that the United States and Wisconsin constitutions prohibit searches incident to arrests for traffic regulation violations. However, in *State v. Mabra*, 61 Wis. 2d 613, 623, 213 N.W.2d 545, 550 (1974), the Wisconsin Supreme Court concluded that "[a] person lawfully arrested for a traffic violation or minor infraction of a criminal law may be searched without a search warrant or probable cause and if the search turns up incriminating evidence of a more serious crime, it may be used against the person."[1] We note, too, that the United States Supreme Court has ruled that the fourth amendment does not bar searches incident to traffic arrests. *Gustafson v. Florida*, 414 U.S. 260, 265 (1973).

---

[1]King suggests that the statement is dictum. We disagree. "The decision of a court of last resort is not dictum even if it is not decisive of the primary issue if it is germane to that issue." *State v. Lee*, 119 Wis. 2d 355, 359, 351 N.W.2d 755, 757 (Ct. App. 1984), *aff'd*, 122 Wis. 2d 266, 362 N.W.2d 149 (1985). When an appellate court takes up and decides an issue germane to the case, the decision is not dictum, but is binding precedent. *State v. Holt*, 128 Wis. 2d 110, 123, 382 N.W.2d 679, 686 (Ct. App. 1985).

In a more recent case, *State v. Fry,* 131 Wis. 2d 153, 388 N.W.2d 565, *cert. denied,* — U.S. —, 93 L. Ed. 2d 586 (1986), the Wisconsin court upheld a search pursuant to an arrest for trespass in violation of sec. 943.13(1), Stats. *See State v. Fry,* Wis. State Law Library, 4848 *Appendices and Briefs,* Brief of Appellant 107. Because a civil forfeiture is the only penalty for violation of the statute, the offense is not a crime. Sec. 939.12, Stats. After arresting Fry, the officers searched his person and car for weapons. The search revealed a gun in the locked glove box of the car, and Fry was charged with carrying a concealed weapon. While Fry, like King, was initially charged only with a civil violation, the supreme court held that an arrest-related search beyond his immediate person was constitutionally permissible. *Id.* at 170, 388 N.W.2d at 572–73. The search in this case was not nearly so extensive. King was simply patted down for weapons before being taken to the police station.

Under *Mabra, Fry,* and *Gustafson,* then, there is no *per se* constitutional bar to searches incident to noncriminal traffic arrests. And, once a defendant is arrested, sec. 968.11, Stats., allows a search for the officer's protection.[2]

King argues, however, that even if not prohibited by the constitution, the search was nonetheless improper because: (1) there is no statutory authority for a "custodial arrest" for traffic violations; and (2) sec. 345.23(2)(c), Stats., requires that a traffic offender be released, without being taken into custody, upon surrender of his or her valid Wisconsin driver's

---

[2]King does not allege that the search was unreasonably conducted.

license. While we agree that the power to arrest must be granted by statute, *City of Madison v. Two Crow,* 88 Wis. 2d 156, 159, 276 N.W.2d 359, 361 (Ct. App. 1979), we find King's arguments unpersuasive.

King contends that there are two types of arrest— one in which the arresting officer is permitted to take the arrestee into custody, and one in which he or she is not. He maintains that a "custodial" arrest is allowed only for criminal violations, and that where the offense is noncriminal, the person arrested may not be taken into custody. In support of the argument he contrasts sec. 345.22, Stats., which provides that a person may be "arrested" for violation of traffic regulations, with sec. 968.10(1), Stats., which authorizes officers to perform searches incident to "lawful arrest[s]," and asserts that the former statute is much more restrictive than the latter. We fail to see the basis for such an assertion.

The term "arrest" is not defined in either statute. It is well established, however, that a person is under arrest when "(1) his [or her] liberty or freedom of movement is restricted, (2) the arresting officer intends, at that time, to restrain the person and (3) the person under arrest believes or understands that he [or she] is in custody." *State v. Doyle,* 96 Wis. 2d 272, 282, 291 N.W.2d 545, 550 (1980).

There is nothing in the language of sec. 345.22, Stats., to indicate that the legislature intended to attach a more restrictive meaning to the term "arrest" than that generally prevailing in the law. Nor does use of the adjective "lawful" preceding "arrest" in sec. 968.10(1), Stats., establish a legislative intent to alter the well-established definition of the latter term.

212

A warrantless arrest is valid, or lawful, if there is probable cause for the arrest. *State v. Estrada,* 63 Wis. 2d 476, 494, 217 N.W.2d 359, 368–69, *cert. denied,* 419 U.S. 1093 (1974). King does not challenge the existence of probable cause for his arrest, and we see no basis in either statute for his purported distinction between "custodial" and "noncustodial" arrests.

We conclude, therefore, that King was lawfully arrested for the two traffic offenses and that the search of his person pursuant to the arrest was not unconstitutional. We turn to his final argument that the arrest was unlawful under sec. 345.23(2)(c), Stats., and thus the search was invalid as well.

Section 345.23(2)(c), Stats., states that the police "shall release" a person arrested for violation of a traffic regulation "when he [or she] [d]eposits [a] valid Wisconsin operator's license ... with the officer," and King maintains that because he had a valid license, he could not be arrested in the sense of being taken into custody. We need not decide the issue, however, for even if we were to assume, as King argues, that the officer had a duty to inform him of the release provisions of the statute, it does not affect the validity of the arrest. First, the statute, by its own terms, comes into play after the arrest. Sec. 345.23, Stats. It deals only with postarrest release and has no effect on the validity or lawfulness of the arrest itself.

Second, assuming (without deciding) that the arresting officer violated the statute by failing to advise King of his right to release upon posting his driver's license, there still are no grounds for suppression of the knife, for suppression is required only

when the police obtained the evidence in violation of the defendant's constitutional rights. *State v. Hochman,* 2 Wis. 2d 410, 419, 86 N.W.2d 446, 451 (1957).[3] We have already determined that there was no constitutional violation.

King was properly and lawfully arrested prior to the search, and even if the arresting officer violated sec. 345.23(2)(c), Stats., by transporting him to the station, the statutory violation cannot form the basis for suppression of the knife. If King can establish the violation in another forum, he may have a civil remedy, but his motion to suppress in this case was properly denied.

*By the Court.*—Judgment affirmed.

---

[3]In cases involving evidence seized in violation of the electronic surveillance act, courts have held that the terms of the act declaring evidence so seized to be inadmissible in court provide adequate authority, independent of constitutional principles, to suppress. *See, e.g., State ex rel. Arnold v. County Court,* 51 Wis. 2d 434, 442–43, 187 N.W.2d 354, 358–59 (1971). No such statute exists in this case.