STATE of Wisconsin, Plaintiff-Respondent,

v.

Elandis D. JOHNSON, Defendant-Appellant.†

Court of Appeals

*Nos. 2007AP1114–CR, 2007AP1115–CR. Submitted on briefs December 7, 2007.—Decided January 24, 2008.*

2008 WI App 34

(Also reported in 746 N.W.2d 581.)

† Petition to review granted 4/14/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Meredith J. Ross* of the *University of Wisconsin Law School*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Pamela Magee*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J. This is a sentence credit case. At issue is whether the "in connection with" requirement in the sentence credit statute, Wis. Stat. § 973.155(1)(a) (2005–06),[1] applies individually to each concurrent sentence imposed at the same time. Johnson argues that, under *State v. Ward*, 153 Wis. 2d 743, 452 N.W.2d 158 (Ct. App. 1989), when concurrent sentences are imposed at the same time, credit due against any individual sentence must be awarded against all concurrent sentences. We disagree. We conclude that the "in connection with" requirement applies to each sentence individually, even when concurrent sentences are imposed at the same time. Accordingly, we affirm the circuit court's denial of sentence credit.

## Background

¶ 2. In 2004, Johnson was arrested for a drug offense and entered a guilty plea (the "2004 case"). He posted bail and was released pending sentencing.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 3. In 2005, while still awaiting sentencing, Johnson was arrested for a new drug offense (the "2005 case"). Following this arrest, Johnson remained "free" on bail in his 2004 case, but spent 50 days in custody before being released on bail in his 2005 case.

¶ 4. Johnson eventually pled guilty in his 2005 case, and a joint sentencing was held in his 2004 and 2005 cases. Johnson received one year of initial confinement followed by eighteen months of extended supervision in his 2004 case. He received a concurrent sentence of one year of initial confinement followed by one year of extended supervision in his 2005 case.

¶ 5. Johnson received credit against the sentence in his 2005 case for the 50 days he spent in custody following his 2005 arrest. He did not receive credit for those days against the sentence in his 2004 case.

¶ 6. After sentencing, Johnson filed a postconviction motion seeking credit for the 50 days in his 2004 case. The circuit court denied the request. The circuit court reasoned that the 50 days in custody were not "in connection with" the sentence in the 2004 case. Johnson appeals that decision.[2]

---

[2] Sentence credit cases are complicated enough without muddying our factual summary with facts that do not matter. We appreciate that Johnson's brief-in-chief similarly focused on facts that matter, thus bringing into focus quickly the question presented. The following are but a few of the facts we ignore because they do not affect the sentence credit question presented. Johnson's 2005 case involves two counts, two convictions, and two concurrent sentences with the same time imposed and the same sentence credit treatment, but our discussion treats this case as if there were only one count. Johnson received a consecutive sentence in a third case at his sentencing hearing. Johnson initially received 45 days of credit against the sentence in his 2005 case and that credit was

### *Discussion* ＼

¶ 7.  The sentence credit statute requires an award of credit against each sentence imposed "for all days spent in custody in connection with the course of conduct" underlying the sentence. Wis. Stat. § 973.155(1)(a). The issue here is whether the "in connection with the course of conduct" requirement applies individually to each concurrent sentence imposed at the same time. For ease of discussion, we will refer to this requirement as the "in connection with" requirement.

¶ 8.  Johnson was sentenced in his 2004 case and his 2005 case at the same sentencing hearing. Prior to the hearing, Johnson spent 50 days in custody "in connection with" the sentence in his 2005 case. These same 50 days in custody were not "in connection with" the sentence in his 2004 case. The circuit court sentenced Johnson to one year of initial confinement in each case, the sentences to run concurrently. Johnson received the 50 days as credit against the sentence in the 2005 case, but not against the sentence in the 2004 case.

¶ 9.  Johnson argues that the circuit court erred by failing to award him 50 days of credit against his concurrent sentence in the 2004 case. According to Johnson, the sentence credit statute—as interpreted in

amended upward to 50 days in the postconviction proceeding. Also, at the sentencing hearing, Johnson received 4 days of credit—for time in custody following his 2004 arrest—against the sentence in his 2004 case. Inexplicably, Johnson does not seek to have these 4 days credited in his 2005 case, even though the logic of his argument suggests that those days need to be applied to that concurrent sentence. However, because we reject his argument, we see no point in discussing the 4 days.

Judge William Sosnay presided at sentencing, and Judge Timothy Witkowiak handled the postconviction proceeding.

*Ward* and in the Criminal Jury Instructions Committee's special materials on sentence credit—provides that custody due as credit against one concurrent sentence must be credited against all other concurrent sentences imposed at the same time, regardless whether the custody is "in connection with" all of the concurrent sentences. We do not agree. We conclude that neither *Ward* nor the special materials address this specific question. We further conclude that the plain language of the sentence credit statute authorizes sentence credit only when custody is "in connection with" the sentence imposed. This "in connection with" requirement applies to each sentence individually, even when concurrent sentences are imposed at the same time.

¶ 10. We begin our analysis with the statute. Application of the sentence credit statute to the undisputed facts in this case presents a question of law, which we review *de novo. See State v. Tuescher*, 226 Wis. 2d 465, 468, 595 N.W.2d 443 (Ct. App. 1999).

## A. *The Statutory Language*

¶ 11. The statutory language at issue here is the heart of the sentence credit statute: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Wis. Stat. § 973.155(1)(a). This language plainly authorizes sentence credit when two conditions are met: first, that the custody at issue was time "in custody"; second, that the custody was time spent " 'in connection with the course of conduct for which sentence was imposed.' " *See State v. Johnson*, 2007 WI 107, ¶ 31, 304 Wis. 2d 318, 735 N.W.2d 505 (quoting § 973.155(1)(a)). There is nothing in the statute sug-

gesting an exception to the "in connection with" requirement when credit is due against a concurrent sentence imposed at the same time.

¶ 12.  The circuit court's sentence credit decision tracks the statutory requirements. The court concluded that Johnson is not entitled to the 50 days of credit he seeks because those 50 days of custody were not "in connection with the course of conduct for which" the sentence was imposed in his 2004 case. We must affirm this plain language reading of the statute unless such application leads to absurd or unreasonable results. *See Gasper v. Parbs*, 2001 WI App 259, ¶ 8, 249 Wis. 2d 106, 637 N.W.2d 399. Johnson argues that this reading is contrary to *Ward* and language in the special materials. In the remainder of this decision, we explain why *Ward* and the special materials do not address the issue presented and why the denial of credit here is not absurd or unreasonable.

## B. The Ward Decision Is Not Controlling

¶ 13.  According to Johnson, *Ward* contains a simple holding:  time in custody due as credit against one sentence must be credited against all other concurrent sentences imposed at the same time, regardless whether the custody is "in connection with" all of the concurrent sentences. Johnson's reading of *Ward*, however, is based on the incorrect assumption that the custody time awarded as credit in *Ward* was *not* "in connection with" all of the concurrent sentences imposed.

¶ 14.  In *Ward*, the circuit court imposed three concurrent sentences at the same time, but granted credit against only one of the sentences. We reversed, holding that Ward was entitled to credit against all three

sentences. *Ward*, 153 Wis. 2d at 745, 747. We reasoned that applying credit to only one of the three concurrent sentences "defeats the concurrent nature of the sentence because the first term is reduced . . ., while the remaining two terms stand at three full years," thereby denying the defendant the credit to which he was entitled. *See id.* at 745.

¶ 15.  Johnson's contention that the *Ward* holding applies, even if the custody at issue is not "in connection with" each concurrent sentence, is based on his assumption that in *Ward* the custody time awarded as credit was in fact *not* "in connection with" all three sentences. Johnson acknowledges that the *Ward* decision does not say the custody was not "in connection with" all three sentences, but argues that it is "illogical" to assume otherwise. He reasons that "[i]f Ward's custody had in fact been 'in connection' with all three of his sentences . . ., then his sentence credit issue would have been controlled by [*State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983),] and . . . [a published] opinion in *Ward* would have been unnecessary."

¶ 16.  The question whether all three sentences in *Ward* were "in connection with" the custody at issue is easily answered by looking at the parties' briefs, which are available through the state law library.[3] Those briefs reveal that the parties agreed that the custody at

---

[3] The supreme court and this court often look to briefing in published opinions to determine facts or arguments made. *See, e.g., Graves v. Travelers Ins. Co.*, 66 Wis. 2d 124, 133–34, 224 N.W.2d 398 (1974); *Harte v. City of Eagle River*, 45 Wis. 2d 513, 520, 173 N.W.2d 683 (1970); *Local 248 UAW v. Natzke*, 36 Wis. 2d 237, 251, 153 N.W.2d 602 (1967); *State v. Esser*, 16 Wis. 2d 567, 595–96, 115 N.W.2d 505 (1962); *County of Eau Claire v. AFSCME Local 2223*, 190 Wis. 2d 298, 304, 526 N.W.2d 802 (Ct. App. 1994); *Benson v. Gates*, 188 Wis. 2d 389, 392–95 & n.3, 525 N.W.2d 278 (Ct. App. 1994); *State v. King*, 142 Wis. 2d

issue *was* "in connection with" all three sentences. Brief of Defendant-Appellant at 8, Brief of Plaintiff-Respondent at 7, *State v. Ward*, 153 Wis. 2d 743, found in *Appendices and Briefs*, 153 Wis. 2d 739–761, at tab 2 (Wis. State Law Library). Thus, in *Ward*, we were not faced, as here, with whether the sentence credit statute requires that custody time be awarded against a concurrent sentence even though that custody is not "in connection with" the sentence.

¶ 17.  Johnson's reliance on the supreme court's decision in *State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983), as a basis for asserting that his reading of *Ward* is the only logical reading is also flawed. Johnson incorrectly asserts that in *Gilbert* the supreme court "ruled that if a defendant was convicted of multiple offenses and received concurrent sentences, even if the sentences were imposed at different times, then the defendant was entitled to credit on all the sentences as long as the presentence custody was 'in connection with the course of conduct' underlying the sentences." That ruling does not appear in *Gilbert*. The only issue the *Gilbert* court addressed was "whether confinement in the county jail as a condition of probation, with or without work release privileges, is being in 'custody' within the meaning of the [sentence] credit statute." *Gilbert*, 115 Wis. 2d at 377. It is true that there were concurrent sentences in *Gilbert*, and it may be true that as a consequence of the decision the defendants in that case received credit on all concurrent sentences, but it is not true that *Gilbert* contains the ruling described by Johnson.

207, 211, 418 N.W.2d 11 (Ct. App. 1987); *Adelmeyer v. Wisconsin Elec. Power Co.*, 135 Wis. 2d 367, 369 n.1, 400 N.W.2d 473 (Ct. App. 1986); *State v. Stanton*, 106 Wis. 2d 172, 179, 316 N.W.2d 134 (Ct. App. 1982).

¶ 18. Accordingly, *Ward* does not control the sentence credit issue before us. Still, even though *Ward* does not control this case, the question remains whether the reasoning underlying *Ward* supports Johnson's view of the sentence credit statute. Thus, we turn our attention to the reasoning in *Ward*, which tracks reasoning found in the sentence credit special materials.

### C. Ward's Reasoning And
### The Sentence Credit Special Materials

¶ 19. In *Ward*, we stated that our conclusion was consistent with the following commentary in the Criminal Jury Instructions Committee's special materials on sentence credit:

> When concurrent sentences are *imposed at the same time* or for offenses arising from the same course of conduct, sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed.

WIS JI—CRIMINAL SM34–A, at 8 (emphasis added). More importantly, our reasoning in *Ward* tracked the following reasoning provided in the special materials:

> Credit against each sentence [imposed at the same time or for offenses arising from the same course of conduct] is required because credit against only one sentence would be negated by the concurrent sentence. Thus, if the credit was not awarded against both sentences, the offender would not receive the credit to which he is entitled.

WIS JI—CRIMINAL SM-34A, at 8–9. Consequently, the question with respect to both *Ward* and the special materials is whether they mean, as Johnson asserts, that prior custody due as credit against one concurrent

743

sentence must be credited against all other concurrent sentences imposed at the same time, regardless whether the custody is "in connection with" all of the concurrent sentences. We conclude the answer is no.

¶ 20. In *Ward*, as we have explained, we had no occasion to consider the question because the custody at issue was "in connection with" all of the concurrent sentences. Thus, *Ward* should not be interpreted as suggesting that it does not matter whether the "in connection with" requirement is met with respect to each concurrent sentence.

¶ 21. As to the special materials, there is no reason to suppose that the Criminal Jury Instructions Committee intended to convey the rule urged by Johnson.

¶ 22. First, it is significant that the example immediately following the "at the same time" language involves awarding credit against concurrent sentences imposed at the same time for custody that meets the "in connection with" requirement with respect to each sentence imposed.[4] For that matter, none of the ex-

---

[4] The first example reads:

> Smith was arrested for two burglaries, charged in a two-count information, and convicted of both charges on the same day. He spent one year in jail awaiting disposition. He was sentenced to serve five years on each count, the sentences to run *concurrently with* one another.

> The judgment of conviction should order that credit is due for 365 days pursuant to § 973.155.

> When the judgment reaches the prison, the registrar will credit each of the concurrent sentences with 365 days, thus computing the sentences as though they had begun 365 days earlier.

WIS JI—CRIMINAL SM-34A, at 9.

amples in the special materials involve awarding credit against a concurrent sentence that does not meet the "in connection with" requirement. Moreover, we have not located a single sentence credit decision holding that credit was due against a concurrent sentence that did not meet the "in connection with" requirement.

¶ 23. Second, although the special materials language at issue is an apparent attempt at setting forth a general rule covering concurrent sentences, the attempt is not successful. The language states that credit must be granted against concurrent sentences "imposed at the same time or for offenses arising from the same course of conduct." This "rule" omits some situations in which the same days in custody must be credited against concurrent sentences. The second example in the special materials following this language presents just such a situation. In that example, time in custody on a probation hold must be credited against concurrent sentences imposed *at different times*.[5] Indeed, in two recent cases, where it was determined that concurrent sentences met the "in connection with" require-

---

[5] The second example reads:

> Smith was convicted of burglary and sentenced to five years, but execution of the sentence was stayed and he was placed on probation. He committed another burglary while on probation and was taken into custody. A probation hold was imposed, and bail, which he could not post, was set on the new charge. He was convicted of the new charge and sentenced to five years, to run concurrently with the sentence underlying the probation, as probation had been revoked at the same time. He spent 180 days in custody.

> The judgment of conviction on the new charge should order that credit be granted for 180 days spent in custody. The department's revocation order should also reflect that 180 days credit is due on the sentence underlying the revoked probation.

ment, we pointed out that it did not matter for sentence credit purposes whether the concurrent sentences were imposed at the same time. In *State v. Yanick*, 2007 WI App 30, 299 Wis. 2d 456, 728 N.W.2d 365, we rejected the State's contention that, under *Ward* and the special materials, "the rule that a single day of sentence credit must be awarded to all discrete sentences served concurrently applies *only* when those concurrent sentences are based on the same course of conduct or are imposed at the same time." *Yanick*, 299 Wis. 2d 456, ¶ 15. In *State v. Carter*, 2007 WI App 255, 306 Wis. 2d 450, 743 N.W.2d 700, we similarly rejected the notion that it mattered whether concurrent sentences were imposed at the same time. *Id.*, ¶ 30 ("Although in *Ward* the sentences were imposed at the same time, the State has provided no reason, and we see none, why the same rationale does not apply when one sentence is imposed after the other, but is made concurrent to the first sentence.").

¶ 24. Finally, Johnson's interpretation of the special materials language and the statute would lead to treating similarly situated defendants differently based on whether concurrent sentences were imposed at the same time or at different sentencing hearings. Suppose in Johnson's own case his 2005 case proceeded to sentencing as it did, but sentencing in his 2004 case was

When the judgment and the revocation order reach the prison, the registrar will credit each sentence with 180 days, by computing each sentence as though it had begun 180 days earlier.

(NOTE: This example assumes that no credit was due on the sentence underlying the probation for time spent in custody prior to the original sentencing on that charge. If such credit was due, it must also be reflected in the revocation order and credited by the registrar against only the first sentence.)

Wis JI—Criminal SM-34A, at 9.

746

held later that day or the next day because that case was before a different judge. In that scenario, even under Johnson's own interpretation, he would not get the credit he seeks because the sentences were not imposed at the same time, even though, for all relevant purposes underlying the sentence credit statute, he would be in the same position.

¶ 25. We conclude that, just as the committee did not anticipate that its "imposed at the same time" language would be read as a limitation on when credit is to be awarded against concurrent sentences, the committee did not anticipate that the language was susceptible to being read as saying credit *must* be awarded against all concurrent sentences imposed at the same time, regardless whether each sentence meets the "in connection with" requirement. We decline to read the language in that manner.

¶ 26. Apart from the disputed language in the special materials and the *Ward* decision, Johnson implicitly argues that our interpretation of the sentence credit statute leads to the unreasonable result that *his* sentence credit "disappears." We disagree. Johnson received two concurrent sentences of the same length on the same day and he received full credit for the 50 days against the one sentence that meets the statutory "in connection with" requirement. The fact that the credit does not reduce Johnson's overall sentence is a function of the nature of sentencing and sentence credit. As we explain in ¶ 24, the result would be the same if Johnson's sentences had been imposed in different sentencing hearings held the same day. Another example of "disappearing" credit is provided in the special materials. In example 2 discussed in ¶ 23 above, the defendant's five-year imposed and stayed sentence and his new five-year sentence must both be credited with

180 days the defendant spent in custody on a probation hold prior to sentencing in the new case. Important here, the example contains the following caveat: "This example assumes that no credit was due on the sentence underlying the probation for time spent in custody prior to the original sentencing on that charge. If such credit was due, it must also be reflected in the revocation order and credited by the registrar *against only the first sentence.*" Wis JI—Criminal 34A, at 9 (emphasis added). Thus, the Criminal Jury Instructions Committee is telling us that if the defendant in the example had spent 100 days in custody prior to his sentencing in the first case, his imposed and stayed five-year sentence must be credited with an additional 100 days, but that credit would effectively disappear because the defendant's newly imposed concurrent five-year sentence—unaffected by the 100 days—would control his prison stay.

¶ 27. If the two examples above do not involve an unreasonable result, we fail to discern why the equivalent situation here constitutes an unreasonable result.

¶ 28. Before concluding this part of our analysis, we highlight one more oddity in the special materials language. Johnson emphasizes the fact that the special materials language is in the disjunctive: "imposed at the same time *or* for offenses arising from the same course of conduct." Wis JI—Criminal SM-34A, at 8 (emphasis added). Johnson's argument seems to assume that the committee intended "imposed at the same time" to be an alternative to the "in connection with" requirement. However, the committee's "for offenses arising from the same course of conduct" clause following the "or" is not the equivalent of the statutory phrase "in connection with the course of conduct." The former refers to concurrent sentences where all under-

lying crimes arise from the same course of conduct. The latter is a more general requirement that credit for custody is authorized when it is "in connection with" the conduct underlying the sentence at issue. Thus, the disjunctive phrasing does not purport to say that "imposed at the same time" is an alternative to the requirement that credit be for "custody in connection with the course of conduct" for which the sentence is imposed. Stated more succinctly, the special materials language does not say "imposed at the same time *or* when the custody meets the in-connection-with requirement."[6]

¶ 29.  In the final analysis, regardless what the committee intended, it is incorrect to read the committee's "at the same time" alternative as saying that the sentence credit statute directs that credit must be awarded against all concurrent sentences imposed at the same time, regardless whether the custody at issue is "in connection with" all of the concurrent sentences. The Criminal Jury Instructions Committee should consider eliminating the "imposed at the same time" language and reworking that part of the special materials. In our view, the current language detracts from the correct inquiry, which is whether a concurrent sentence, regardless of the timing of sentencing, must be credited with custody because that custody is "in connection with" the conduct underlying the sentence.

[6] In his request for publication, Johnson asserts that some of our unpublished decisions "state that, in order to receive credit, the defendant must prove that the sentences were imposed at the same time *or* for offenses arising out of the same course of conduct." We disagree with his reading of these cases. But, more to the point, none of the unpublished cases he lists present a clear example of a situation in which credit was awarded against a concurrent sentence that did not meet the "in connection with" requirement.

## D. The Beiersdorf Decision

¶ 30.   The State relies on *State v. Beiersdorf*, 208 Wis. 2d 492, 561 N.W.2d 749 (Ct. App. 1997). We choose to comment on *Beiersdorf*, not because we think the State's reliance is well placed, but because *Beiersdorf* raises an issue that might have been raised in this case.

¶ 31.   The State asserts that *Beiersdorf* controls the sentence credit question here. We agree with Johnson that *Beiersdorf* is not controlling. The only issue in *Beiersdorf* was whether a period of custody was "in connection with" conduct underlying the sentence at issue in that case. More specifically, we addressed whether Beiersdorf was entitled to sentence credit for time spent in custody following his arrest and before sentencing when, with respect to the charge underlying his sentence, he was free on bond. Beiersdorf's custody resulted from unrelated charges. *See id.* at 495–96. We concluded that the custody was not "in connection with" the conduct underlying the sentence at issue, but rather "only 'in connection with' " the conduct underlying Beiersdorf's other charges. *Id.* at 498–99.

¶ 32.   There is, however, a noteworthy parallel between *Beiersdorf* and the instant case. In *Beiersdorf*, the defendant would likely have received the sentence credit he sought if only his lawyer had thought to ask the circuit court to convert Beiersdorf's personal recognizance bonds to cash bail during the time Beiersdorf was in custody on his new unrelated charge. Beiersdorf complained that " '[o]nly the lack of paperwork revoking bail in the sexual assault case prevents [him from] receiving 44 days jail-time credit in the sexual assault case.' " *Id.* at 499 n.2. We addressed this topic as follows:

> We note that defense attorneys, in countless cases, do ask trial courts to convert personal recognizance

bonds to cash bail when their clients have been arrested and do remain in custody on cash bail on subsequent charges. They do so precisely because they want to assure sentence credit on both offenses. That, however, did not occur in this case.

*Id.* Like Beiersdorf, it appears that Johnson might have made himself eligible for the credit he seeks. Johnson was free with respect to his 2004 case during the time he was in custody in 2005 because he posted bail in the 2004 case. Thus, it appears there may have been steps Johnson could have taken to make his custody "in connection with" his 2004 case.

## *Conclusion*

¶ 33.  We conclude that the circuit court correctly recognized that sentence credit against a sentence is authorized under WIS. STAT. § 973.155(1)(a) only when custody is "in connection with" the sentence imposed and that this "in connection with" requirement applies individually to each sentence, even when concurrent sentences are imposed at the same time. The court, therefore, correctly denied sentence credit because the 50 days of credit Johnson seeks against the sentence in his 2004 case was not custody "in connection with the course of conduct for which" the sentence was imposed in that case.

*By the Court.*—Order affirmed.

¶ 34. DYKMAN, J. (*dissenting*). Sentence credit concerns have been with us for some time. In 1974, the supreme court concluded that the Equal Protection clause of the Fourteenth Amendment to the United States Constitution prohibited a court from imposing a maximum sentence and denying sentence credit when a

751

defendant is financially unable to post bail. *Byrd v. State*, 65 Wis. 2d 415, 424, 222 N.W.2d 696 (1974). In *Klimas v. State*, 75 Wis. 2d 244, 249, 249 N.W.2d 285 (1977), the court concluded that "the logical conclusion of the *Byrd* rationale require[d] that, as a matter of equal protection, there be credit required for all pre-trial and pre-sentence confinement that results from the indigency of the defendant." The court invited the Wisconsin Legislature to consider federal law requiring sentence credit and noted that a similar legislative scheme had not been adopted in Wisconsin. *Id.* at 251–52.

¶ 35.  The legislature apparently listened, because effective May 16, 1978, it enacted WIS. STAT. § 973.155. *See* 1977 WIS. LAWS, ch. 353, § 9. This is the statute the majority construes today to prevent Johnson from receiving sentence credit when he could not post bail for fifty days in his 2005 case and when, perhaps, his attorney performed deficiently by failing to ask the circuit court to revoke his bail in the 2004 case. *See* WIS. STAT. § 973.155 (2005–06).[1]

¶ 36.  As we see from *Klimas*, there is an equal protection underpinning to WIS. STAT. § 973.155. And we know, as *Klimas* states, that "a statute cannot deny what the constitution mandates." *Klimas*, 75 Wis. 2d at 249. We know that Johnson probably spent time in jail that he would not have spent but for his indigency. We also know that, as a matter of constitutional right, Johnson is entitled to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). If Johnson spent fifty days in custody because of his indigency and resulting inability to post bail, he has

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

been denied a right guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. If his attorney was ineffective by failing to assist Johnson in taking the necessary steps to make his custody "in connection with" his 2004 case, he is entitled to relief in the form of sentence credit.[2] These are issues requiring an evidentiary hearing to determine the necessary facts. I would reverse and remand for such a hearing. Because the majority does not do so, I respectfully dissent.

---

[2] This is an issue Johnson has not raised but which arises once it becomes apparent that it is at least arguable that there was a way to avoid a sentence credit dispute.